UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS E. MEANS,

    Petitioner,

v.                                        Case No. 3:13cv640/RV/CJK

JULIE L. JONES,[1]

    Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 14). Petitioner has not replied. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the

---

[1] Julie L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed. R. Civ. P. 25(d).

pleadings and attachments before the court show that the petition should be dismissed because the court lacks subject matter jurisdiction to consider any the claims raised.

BACKGROUND AND PROCEDURAL HISTORY

On May 31, 2012, petitioner was charged in Escambia County Circuit Court Case No. 12-CF-1928, with grand theft auto (Count 1), obtaining a vehicle with intent to defraud by trick or false representation (Count 2), stopping payment on a check with intent to defraud (Count 3) and giving a false name or identification to a law enforcement officer (Count 4). (Doc. 14, Ex. A, p. 1).[2] Petitioner went to trial (Ex. A, pp. 11-194), and the jury found him guilty of all four counts as charged. (Ex. A, p. 195). By judgment rendered October 16, 2012, petitioner was adjudicated guilty and sentenced on Counts 1 through 3 to concurrent terms of 24 months in prison followed by 3 years on probation. (Ex. B, pp. 202-204, 210-216). Petitioner was sentenced on Count 4 to time served. (*Id.*). By order rendered October 22, 2012, the court ordered probation and restitution in the amount of $31,540.00. (Ex. B, pp. 217-220). Petitioner appealed. (Ex. B, p. 221; Ex. D). On November 26, 2013, the

---

[2]All references to exhibits are to those provided at Doc.14, unless otherwise noted. If a cited page has more than one page number, the court cites to the page number appearing at the bottom center of the page.

Florida First District Court of Appeal filed an opinion affirming in part, reversing in part and remanding as follows:

>   The appeal taken by Appellant, Marcus Eugene Means, makes six arguments challenging his four convictions and sentences for grand theft auto (Count I); obtaining a vehicle with intent to defraud by trick or false representation (Count II); stopping payment on a check (Count III); and giving a false name or identification to a police officer (Count IV). We find no merit in four of Appellant's arguments and affirm without discussion. Appellant is correct, however, as to his arguments regarding double jeopardy and the restitution ordered by the trial court, and so we reverse these aspects of his case below.
>
>   First, Appellant argues that his dual convictions for grand theft auto and obtaining a vehicle with intent to defraud by trick or false representation, based on the same transaction, amount to being convicted and punished for the same offense in violation of constitutional protections against double jeopardy. *See Vasquez v. State*, 711 So. 2d 1305, 1306-07 (Fla. 2d DCA 1998). The State does not disagree, but rather concedes that Appellant asserts a valid double jeopardy argument. Because the parties' agreement on Appellant's double jeopardy argument is well-taken, we hold Appellant's dual convictions for grand theft auto and obtaining a vehicle with intent to defraud by trick or false representation are impermissible.
>
>   Finding impermissible dual convictions, we now must determine which conviction to set aside. In *Pizzo v. State*, the Florida Supreme Court directed appellate courts in this situation to set aside the conviction on the lesser offense and to affirm the greater offense. 945 So. 2d 1203, 1206 (Fla. 2006); *see also State v. Barton*, 523 So. 2d 152, 153 (Fla. 1988) (holding that when one of two convictions must fall under a double jeopardy analysis, the conviction of the lesser crime should be set aside). According to *Pizzo*, the lesser offense is that in which the elements of the crime "are always subsumed within the greater, without regard to the charging document or evidence at trial."

945 So. 2d at 1206 (*quoting State v. Florida*, 894 So.2d 941, 947 (Fla. 2005)); *see also State v. McCloud*, 577 So. 2d 939, 941 (Fla.1991).

In this case, a comparison of the elements of both offenses reflects that all the elements of obtaining a vehicle with intent to defraud by trick or false representation under § 817.52(1), Florida Statutes, (Count II), are included within the elements of grand theft under § 812.014(1), (Count I). Accordingly, we reverse Appellant's judgment and sentence on the lesser offense in Count II, obtaining a vehicle with intent to defraud by trick or false representation, and affirm Appellant's judgment and sentence on the greater offense in Count I, grand theft auto.

Appellant raises a second meritorious argument with respect to his sentence. He claims he was erroneously ordered to pay restitution in the amount of $31,540, whereas the highest amount referred to at trial was $15,945. Here, once again, the State concedes that the amount of restitution ordered does not comport with the evidence. It is well settled that the amount of restitution cannot exceed the actual damages suffered by the victim, *Soriano v. State*, 968 So. 2d 112, 115 (Fla. 4th DCA 2007), and must be proven by substantial competent evidence. *Glaubius v. State*, 688 So. 2d 913, 916 (Fla. 1997); *Koile v. State*, 902 So. 2d 822, 824 (Fla. 5th DCA 2005). Because the evidence does not support a restitution amount greater than $15,945, we reverse the order of restitution to pay $31,540 and remand for a new determination of the proper restitution amount.

Accordingly, we affirm Appellant's convictions and sentences on Counts I, III, and IV. We reverse Appellant's conviction and sentence on Count II and remand with instructions to the trial court to dismiss Count II. We also reverse the restitution order and remand to the trial court for a new determination of restitution.

*Means v. State*, 127 So. 3d 750 (Fla. 1st DCA 2013) (footnote omitted) (copy at Ex.

F). The mandate issued December 12, 2013. (Ex. F).

Three days later, before resentencing, petitioner filed his federal habeas petition in this court on December 15, 2013. (Doc. 1). The petition raises four grounds for relief: (1) petitioner's convictions and sentences for grand theft auto (Count 1) and obtaining a vehicle with intent to defraud by trick or false representation (Count 2) violate the Double Jeopardy Clause; (2) petitioner's sentence on Count 4 (giving a false name to law enforcement) constitutes fundamental error, because the Alabama courts granted petitioner a name change to Demarcus Hutson before he was charged with giving a false name to a law enforcement officer, therefore, the State failed to prove that Demarcus Hutson was not petitioner's real name; (3) the trial court erred in denying a defense motion raising the double jeopardy violation involving Counts 1 and 2; and (4) the trial court erred in ordering restitution in excess of $15,945.00. (Doc. 1, pp. 4-5). As relief, petitioner seeks $6 million in damages and immediate release from prison. (*Id*., p. 6).

The state trial court held a new sentencing hearing on January 14, 2014. (Ex. G). At the hearing, the trial court dismissed the previously ordered restitution amount and reordered restitution in the amount of $15.945.00. (Doc. 14, p. 8; *see also* http://www.escambiaclerk.com, line 130). On January 16, 2014, the trial court

entered an amended judgment and sentence reflecting petitioner's convictions and sentences on Counts 1, 3 and 4, and reflecting that Count 2 was dismissed. (Ex. G).

Respondent asserts, and the Florida Department of Corrections' website confirms, that on May 31, 2014, petitioner was released from the incarcerative portion of his sentences on Counts 1 and 3, and that he is currently serving the probationary portion of those sentences. (Doc. 14, p. 8; *see* www.dc.state.fl.us; *see also* Doc. 13 (letter from Florida Department of Corrections dtd. 7/8/2014, returning, as undeliverable, the court's mail to petitioner at his address of record, indicating that petitioner was released due to the end of sentences, with no forwarding address)). Petitioner has not notified the court of his current address. The FDC website does not identify an address for petitioner.

## DISCUSSION

Grounds 1, 3 and 4

Petitioner's Grounds 1 and 3 challenge, on double jeopardy grounds, petitioner's convictions for grand theft auto (Count 1) and obtaining a vehicle with intent to defraud by trick or false representation (Count 2). Petitioner's Ground 4 challenges the October 22, 2012 restitution order setting the amount of restitution at

$31,540.00. Respondent asserts that all three grounds are moot. (Doc. 14, pp. 12-15, 21-24).

Article III of the United States Constitution extends federal judicial power only to cases or controversies. U.S. Const. art. III, § 2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). When the injury for which an appellant seeks judicial redress is resolved or disappears prior to the court's decision, there is no longer an Article III case or controversy, and the case, or issue, is moot. *See Burke v. Barnes*, 479 U.S. 361, 363, 107 S. Ct. 734, 93 L. Ed. 2d 732 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (holding that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his

petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot.").

Petitioner's ultimate objective in raising grounds 1 and 3 was to obtain relief from the double jeopardy violation arising from his convictions for both grand theft auto (Count 1) and obtaining a vehicle with intent to defraud by trick or false representation (Count 2). After the petition was filed, petitioner's criminal judgment was superceded by an amended judgment dated January 16, 2014, reflecting that Count 2 was dismissed. Any relief from this court directed to the double jeopardy violation would have no effect. As petitioner no longer suffers an injury-in-fact from the double jeopardy violation necessary to meet Article III's case or controversy requirement, Grounds 1 and 3 of his federal habeas petition are moot.

The same is true of Ground 4. Petitioner's ultimate objective in raising Ground 4 was to obtain relief from any restitution amount exceeding $15,945.00. (Doc. 6). After petitioner filed his petition, the October 22, 2012 restitution order was superceded by the January 14, 2014 restitution order setting the amount of restitution at $15,945.00. Any relief from this court directed to the October 22, 2012 restitution order would have no effect. As petitioner no longer suffers an injury-in-fact from the

alleged improper calculation of restitution in excess of $31,000.00, Ground 4 of his federal habeas petition is moot.

The court lacks subject matter jurisdiction to consider Grounds 1, 3 and 4 of the petition.

Ground 2

Petitioner's labels Grounds 2 as follows: "Count 4 Fundamental error occurred as to Petitioner's sentence." (Doc. 1, p. 4). Petitioner alleges the following facts to support this claim:

> CT4. Petitioner was charged and convicted with giving false name to a law officer. Pet[i]tioner shows in Exhibits to this Federal Court Alabama Courts granted before charged with CT 4 (name change) ▸ Demarcus Hutson which was another error.

(Doc. 1, p. 4). Petitioner attached no exhibits to his federal habeas petition. Petitioner asserts he exhausted this claim by raising on direct appeal. (*Id*., pp. 4-5). On direct appeal, petitioner raised one issue with regard to Count 4: "Fundamental Error Occurred As To Appellant's Conviction And Sentence For Count 4, Because The State Presented Insufficient Evidence As A Matter Of Law." (Doc. 14, Ex. D, "Issue Five").

Respondent asserts that petitioner is not entitled to federal habeas relief for two reasons: (1) the claim is moot because petitioner was sentenced to time served and

has already served that sentence (doc. 14, pp. 20-21), and (2) the state appellate court's rejection of the claim was not contrary to, or an unreasonable application of, clearly established federal law (*id.*, pp. 15-20).

This court is without jurisdiction to consider petitioner's attack on his conviction for giving a false name (Count 4), but not because petitioner's claim is moot. The court lacks jurisdiction because petitioner fails to satisfy the "in custody" requirement.

A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L. Ed. 2d 540 (1989). The Court in *Maleng* emphasized:

> We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, our decision in *Carafas v. LaVallee, supra*, strongly implies the contrary. In *Carafas*, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his

sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court. The State argued that the unconditional discharge rendered the case moot. We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevented the case from being moot. *Id*., 391 U.S., at 237-238, 88 S. Ct., at 1559. We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. *Id*., at 238, 88 S. Ct., at 1559-1560. While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. *Ibid.* The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

. . . .
   . . . While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Maleng*, 490 U.S. at 491-92 (*discussing Carafas v. Lavallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)).

Petitioner was sentenced on Count 4 to time served. Although courts have traditionally interpreted the "in custody" requirement liberally to include situations where the sentence in question enhances or delays the commencement of another sentence, that circumstance does not exist here, because petitioner's sentence on the

giving a false name conviction was fully served on the day it was imposed. Petitioner does not allege, and nothing in the record suggests, that petitioner is under any "present restraint" attributable to his conviction and sentence on Count 4. The sentence on Count 4 had no effect on the commencement of petitioner's other sentences on Counts 1 and 3. As it is evident from the record that petitioner was no longer "in custody" under the giving a false name conviction at the time he filed his federal habeas petition, this court lacks jurisdiction to consider the challenge to that conviction and sentence. *See Maleng v. Cook, supra*; *see also e.g., Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1264-65 (11th Cir. 2012) (holding that habeas petitioner, who was currently in federal custody, was not "in custody" pursuant to the state judgment subject to his collateral attack at the time he filed his habeas petition, as required for district court to have jurisdiction to decide the petition's merits; petitioner filed his habeas petition eight months after his state sentence fully expired, petition was filed well after petitioner's transfer into custody of Federal Bureau of Prisons, petitioner was not currently under any present restraint attributable to his state conviction, and any grant of relief would not serve to accelerate petitioner's release from federal confinement). The court lacks subject matter jurisdiction to consider Ground 2 of the petition.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DISMISSED because the court lacks jurisdiction over petitioner's claims.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of December, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.